# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

RONNELL BOWMAN and
LAWRENCE TURNER,

Defendants.

Case No. 23-CR-77-1, 27-JPS

**ORDER**

A jury trial in the above-referenced matter was held between February 23 and March 2, 2026. ECF No. 907. Transcripts of the full trial have been docketed, ECF Nos. 916–922, including a transcript of the voir dire process, ECF No. 917. The Eastern District of Wisconsin's General Order 22-9 provides that voir dire transcripts may be sealed in part or in whole if the Court so orders. *See In re: Transcripts of* Voir Dire, *General Order No. 22-9*, U.S. DIST. CT. FOR E. DIST. OF WIS., https://www.wied.uscourts.gov/general-orders/re-transcripts-voir-dire-general-order-22-9 [perma.cc/T843-UUJM] (last visited Apr. 17, 2026). For the reasons stated below, the voir dire transcript will be sealed until further order of the Court.

When a voir dire transcript is made available, "[t]he presiding judge must balance the right to public access of the transcript with the jurors' right to privacy, consistent with applicable Seventh Circuit case law, and will seal the transcript of the *voir dire* process only if appropriate." *Id.* at 2. There is a general right of public access to jury trials, which "includes a right of access to the voir dire examination of potential jurors . . . ." *U.S. v. Peters*, 754 F.2d 753, 759 (7th Cir. 1985) (citing *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501

(1984)). Similarly, "most documents filed in court are presumptively open to the public" but "the public's right to access court records is not unlimited" and "a court [may] shield certain documents from the public when there is good cause to do so . . . ." *Bond v. Utreras*, 585 F.3d 1061, 1073–74 (7th Cir. 2009) (citations omitted).

In this matter, voir dire was conducted on the record and largely in open court. *See* ECF No. 907 at 1–4. The operative question, then, is whether there is "good cause" to maintain the voir dire transcript under seal. Because the transcript contains a great deal of information about the venire panel's personal circumstances (such as their places of residence, caregiving responsibilities, and past personal experiences), the Court finds that the good cause standard has been met. *Cf. United States v. Dish Network, L.L.C.*, 943 F. Supp. 2d 891, 894 (C.D. Ill. 2013) (allowing records containing personally identifying consumer information to be sealed while also directing parties to file redacted versions of same). At this time, the Court will not order that a redacted version of the voir dire transcript be made available, but would entertain a request to do so should public need or interest arise.

Accordingly,

**IT IS ORDERED** that the voir dire portion of the trial transcript in this matter, ECF No. 917, be and the same is hereby **SEALED** until further order of the Court.

Dated at Milwaukee, Wisconsin this 13th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge